ST. PAUL, J.
The defendant was convicted of murder. He complains, that—
*785 “At no time did he deny having killed the deceased, but his defense was in the nature of a justification. It was evident that the deceased had been killed by him. Upon the trial of the case the prosecution, over the objection of the defense, introduced in evidence a gruesome and bloody cap identified as having belonged to the deceased. It was passed along the jury box by the prosecution, who flaunted it for the purpose of exciting the prejudices of the jury against the defendant,- a negro. It could have had no relevant purpose, and the only purpose which it could subserve was to stir up the emotional passions of the jurors.”
This is fully disposed of by the per curiam of the district judge, as follows:
“The only garment offered in evidence in this case was a small lace cap,' brown from stale blood. It was supposed to have been worn by the deceased woman, and was admissible in evidence to prove that she was shot in the head as alleged. It was supposed to have been found buried in loose earth, near where the body fell, and was offered to show that the body fell near the comer of the house, and was dragged to the shadow grave where it was found. At the time it was offered the state had no loay of knowing what the defense would he or what would he disputed. It was essential to corroborate the testimony of the chief eyewitness for the state in every detail. The cap, while apparently brown from dry blood, was not horrible, and not particularly gruesome in appearance. It was not flaunted before the jury, and in the opinion of the court had no tendency to inflame their passions.” (Italics -ours.)
The judge added that the accused admitted the killing, under peculiarly atrocious conditions, and that “the only excuse offered in extenuation was that he was drunk.”
I.
The statement of the trial judge that at the time the cap was offered the state had no way of knowing what the defense would be, and what would be disputed, and that the cap was offered to corroborate the testimony of the chief eyewitness, takes this case out of the rule that it is error to display before the jury the bloody clothes of the deceased for the sole purpose of influencing the minds of the ’ jurymen against the accused. Here it is clear that the state had in view only to corroborate the testimony of the state witnesses. The complaint is therefore without force.
Decree.
The judgment appealed from is therefore affirmed.
O’NIELL, .1., being absent from the state, takes no part in the decision of the case.